UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal No.2:08-cr-327 |
| v. | ORDER FOR INTERIM PAYMENT FOR REPRESENTATION OF COUNSEL PURSUANT TO THE CRIMINAL JUSTICE ACT 18:3006(A) |
| MARTIN TACCETTA, et al. | |
| Defendants. | |

Because of the complexity of this case, and the expected length of pretrial preparation and the length of the trial in this case, and the anticipated hardship of counsel in undertaking representation full time for such a period without compensation, in accordance with paragraph 2.30A of the Guidelines for the Administration of Criminal Justice Act, the following procedures for interim payments shall apply during the course of counsel's representation in this case:

1.   SUBMISSION OF VOUCHERS

Counsel shall submit to the court clerk, once each month, an interim CJA Form 20, "Appointment & Authority to Pay Court Appointed Counsel". Compensation earned and reimbursable expenses incurred from the first to the thirty first day of each month shall be claimed on an interim voucher submitted no later than the fifth day of each month, or the first business day thereafter. The first interim voucher shall reflect all compensation claimed and reimbursable expenses incurred from the date of appointment to August 30, 2008 and shall be submitted no later than September 5, 2008; thereafter, the vouchers shall be submitted once a month according to the schedule outlined above. Each voucher shall be numbered in series in Box 22 and include the time period it covers in Box 19. All interim vouchers shall be supported by detailed and itemized time and expenses statements. Chapter II,

Part C of the Guidelines for the Administration of the Criminal Justice Act outlines the procedures and rules for claims by CJA attorneys and should be followed regarding each voucher.

The Court will review the interim vouchers which submitted, particularly with regard to the amount of time claimed, and will authorize compensation to be paid for four-fifths (80%) of the approved/certified compensation. The Court will also authorized for payment for all reimbursable expenses reasonably incurred.

At the conclusion of representation, counsel should submit a final voucher seeking payment of the one-fifth (20%) balance withheld from the earlier interim vouchers. The final voucher shall be labeled as such in Box 22 and shall set forth in detail the time and expenses claimed for the entire case, including all appropriate documentation. After reviewing the final voucher, the Court will submit it to the Chief Judge of the Circuit for review and approval.

2.  REIMBURSABLE EXPENSES

Counsel may be reimbursed for out-of-pocket expenses reasonably incurred incident to representation. While the statute and applicable rules and regulations do not place a monetary limit on the amount of expenses that can be incurred, counsel should incur no single expense item in excess of $500 without PRIOR approval of the Court. Such approval may be sought by submitting the CJA 21 to the Clerk with supporting documentation attached if deemed necessary stating the nature of the expense, the estimated dollar cost and the reason the expense is necessary to the representation. An application seeking such approval may be filed in camera, if necessary. Upon finding that the expense is reasonable, the Court will authorize counsel to incur more than $500 on one or more interim vouchers are not considered single expenses requiring Court approval.

With respect to travel outside of the city-county-state for the purpose of consulting with the client or his or her former counsel, interviewing witnesses, etc., the $500 rule should be

applied in the following manner. Travel expenses, such as, mileage, parking fees, meals and lodging, can be claimed as itemized expenses. Therefore, if the reimbursement for expenses relating to a single trip will aggregate an amount in excess of $500, the travel should receive **PRIOR** authorization of the Court. The following guidelines may be helpful:

(a) Case related travel by privately owned automobile should be claimed at the applicable rate (check with the Clerk's office for current rates), plus parking fees, ferry fees and bridge, road and tunnel tolls. Transportation other than by privately owned automobile should be claimed on an actual expense basis. If travel is authorized, arrangements can be made at Government rates through the National Travel Center. Please contact the C.J.A. administrator in the Clerk's office for additional guidance. Air travel in "first class" is prohibited.

(b) Actual expense incurred for meals and lodging while traveling during the course of representation must conform to the prevailing limitation placed upon travel and subsistence expenses of the federal judiciary employees in accordance with existing government travel regulations. For specific details concerning high-cost areas, counsel should consult the Clerk.

(c) Telephone toll calls, telegrams, photocopying and photographs can all be reimbursable expenses if reasonably incurred. However, general office overhead, such as rent, secretarial help and telephone service, is not a reimbursable expense, nor are items of a personal nature. In addition, expenses for service of subpoenas on fact witnesses are not reimbursable, but rather are governed by F.R.Crim.P. Rule 17, 28 U.S.C. §1825.

3. FURTHER QUESTIONS OF GUIDANCE

generally be found in (1) 18 U.S.C. Section 3006(A); (2) the Plan of the United States District Court for the District of New Jersey, available through the Clerk; and (3) Guidelines for the Administration of the Criminal Justice Act, published by the

Administrative Office of the U.S. Courts. Should these references fail to provide the desired clarification or direction, counsel is directed to contact the Clerk's office, specifically, William Holland at (609) 989-2328 in Trenton, John Reilly at (973) 645-6654 in Newark, and Delores Seksnel at (856) 757-5075 in Camden.

Date: 8/11/08

_____
Honorable Stanley R. Chesler
UNITED STATES DISTRICT JUDGE

**APPROVED**

Date: 9/9/08

_____
Kent A. Jordan, Judge
UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT