# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY



MICHAEL A. SHIPP
United States Magistrate Judge

Martin Luther King Jr. Federal Bldg.
& U.S. Courthouse
50 Walnut Street, Room 2042
Newark, NJ 07102
(973) 645-3827

**LETTER OPINION**
Not for Publication

September 30, 2008

**VIA CM/ECF**
All counsel of record

    Re:    **United States v. Andrew Merola et al.**
           **Criminal No. 08-327 (SRC)(MAS)**

Dear Counsel:

This letter opinion accompanies the Court's September 16, 2008 order denying Defendant's Motion for Reconsideration (ECF # 138). Defendant's requests for reconsideration is DENIED. Defendant's request for bail modification is GRANTED so that Defendant may attend his older son's football games, according to the published schedule, and subject to the oversight of Pretrial Services.

Background

On May 14, 2008, this Court entered an Order Setting Conditions of Release ("Order")(ECF # 143). The Order's strict provisions included electronic monitoring and 24-hour home incarceration. At the initial hearing, the Defendant originally requested house arrest and made persuasive arguments as to why it was appropriate. The government objected to house arrest and

requested detention. The Court ordered the electronic monitoring and home incarceration after careful consideration of the Defendant's arguments and the government's objections.

On August 4, 2008, the Court conducted a bail modification hearing. The Defendant requested a modification of the Order so that he could work outside the home. The Defendant did not provide the Court with any information regarding changed circumstances at the bail modification hearing. The Court denied Defendant's request. On August 12, 2008, the Defendant filed the within Motion for Reconsideration. The Defendant seeks reconsideration of the Order in order to work outside the home and now also seeks modification of the order so that he may attend his son's sporting events. The government opposes Defendant's motion for reconsideration, but does not oppose Defendant's request to attend his oldest son's football games.

Standard on Motion for Reconsideration

Defendant in the present case failed to meet the standard required in order to prevail on a motion for reconsideration. In the Third Circuit, the standard that must be met is well established. A court should grant a motion for reconsideration when the moving party shows one of three circumstances: 1) there is newly available evidence; 2) there is a need to correct a clear error of law or prevent manifest injustice; or 3) there is an intervening change in the controlling law. *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995).

> In satisfying its burden of demonstrating the need for reconsideration, the moving party must set forth concisely the matters or controlling decisions which the counsel believes the court has overlooked. A motion for reconsideration should not provide the parties with an opportunity for a second bite at the apple. Further, the moving party must show more than mere disagreement with the court's decision and recapitulation of the cases and arguments considered by the court before rendering its original decision. A motion for reconsideration will only be granted if the moving party has provided the court with

> dispositive factual matters or controlling decisions of law which were overlooked . . . [A] motion for reconsideration is an extraordinary remedy that should be used sparingly and limited to exceptional circumstances.

*In re NJ Affordable Homes Corp.*, 2006 Bankr. LEXIS 1667, *9-*11 (Bankr. D.N.J. July 19, 2006) (internal citations omitted).

In this case, the Defendant has not demonstrated any of the factors required for reconsideration. First, the Defendant has not presented newly available evidence. The Defendant's September 10, 2008 correspondence mentioned the seemingly changed position of Pretrial Services regarding the Defendant working. However, this does not comprise newly available evidence. If it did, the Court would potentially face motions for reconsideration every time Pretrial Services relaxed its position regarding any given defendant. In addition, Defendant's September 10th letter mentions the availability of a GPS monitoring system and the increasing burden on Defendant's family. Again, both factors were either known or could have been reasonably anticipated at the time of the May 14th hearing and do not meet the standard required to prevail on a motion for reconsideration.

In addition, the Defendant failed to demonstrate that reconsideration is necessary to correct a clear error in law or prevent a manifest injustice. Finally, Defendant failed to demonstrate an intervening change in prevailing law. The present case is clearly not an exceptional circumstance which deserves the extraordinary remedy.

Bail Modification Standard

Due to a misinterpretation of the law, Defendant's Counsel continues to insist that the Court applied the wrong standard for bail modification and did not give appropriate weight to undisputed

3

facts. In addition, Defendant's counsel insists that Defendant is not required to provide evidence of changed circumstances.

Under § 3142(f) of the Bail Reform Act of 1984, the Court is expressly authorized to reopen the detention hearing of a defendant when material information "that was not known to the movant at the time of the hearing" comes to light. Courts have interpreted this provision strictly, holding that hearings should NOT be reopened if the evidence was available at the time of the hearing. Thus, the definition of "changed circumstances." Section 3142(c)(3) of the Bail Reform Act provides that a judicial officer "may at any time amend the order to impose additional or different conditions of release." This provision should be read in conjunction with 3142(f), as it recognizes "the possibility that a changed situation or new information" may come to the attention of the Court.

In *United States v. Dillon*, the appellate court upheld the decision of the district court, holding that the district court's refusal to reopen a detention hearing was not in error where information in affidavits and letters the appellant sought to present was available to him at the time of the hearing. 938 F.2d 1412 (1st Cir. 1991). Furthermore, in *United States v. Hare*, the district court refused to reopen a hearing because "testimony of Hare's family and friends is not new evidence." That decision was affirmed by the 5th Circuit Court of Appeals. 873 F.2d 796 (5th Cir. 1989). The Court noted that the testimonies had been available at prior hearings and did not present evidence of "changed circumstances" of the defendant. (*Id.*)

Conclusion

In the instant matter, the Court has considered the positions of counsel, and has read the papers submitted. Defendant failed to raise any dispositive facts or identify any controlling law overlooked by this Court when it made the original determination. Defendant has not presented any

4

evidence that this Court made a clear error of law or that an intervening change in law has occurred since the Court's initial order. A motion to reconsider is not appropriate to "ask the court to rethink issues already considered, rightly or wrongly." *In re NJ Affordable Homes Corp.*, 2006 Bankr. LEXIS at *10. In this case, the Defendant asks the Court to reconsider its decision to place Defendant under 24 hour house arrest, even though the Defendant initially requested the house arrest. In addition, the request for reconsideration and modification is based on the same arguments already weighed by the Court.

For the reasons set forth above, the Court finds that Defendant's motion for reconsideration fails to meet the standard set in order to be successful in the Third Circuit. This Court has already considered and denied Defendant's motion to be allowed to seek outside employment. In addition, although Defendant has not provided the Court with any evidence of changed circumstances as required by §3142(f) of the Bail Reform Act of 1984, the Defendant and the U.S. Attorney's office have reached an agreement regarding Defendant's attendance at his older son's football games, and the U.S. Attorney's office does not oppose Defendant's motion for modification.

Therefore, the Defendant's motion for reconsideration is DENIED. However, Defendant's motion for bail modification to allow him to attend his older son's football games, is GRANTED, pursuant to oversight by Pretrial Services.

/s/ Michael A. Shipp
HONORABLE MICHAEL A. SHIPP
UNITED STATES MAGISTRATE JUDGE