UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

UNITED STATES OF AMERICA          :      HON. STANLEY R. CHESLER

          v.                      :      Crim. No. 08-327(SRC)

ANDREW MEROLA, ET AL.             :      ORDER


This matter having been opened to the Court on the joint application of the United States of America and the defendants (through their respective counsel), for an order declaring this matter to be a complex case pursuant to Title 18, United States Code, Section 3161(h)(8)(B)(ii); and the Court having considered the arguments of counsel; and the defendants being aware that absent such a finding they would have a right to be tried within seventy days of their first appearance in this district in connection with this matter, pursuant to 18 U.S.C. § 3161(c)(1); and the charges being the result of a lengthy investigation and the defendants needing sufficient time to review extensive discovery and to investigate the charges and file motions in this case; and Ralph J. Marra, Jr., Acting United States Attorney for the District of New Jersey (Ronald D. Wigler, Assistant U.S. Attorney, appearing) having concurred in the assertion that this matter is complex as defined in the statute; and the Court having found that an order granting a continuance of the proceedings in

2

the above-captioned matter should be entered, and for good and sufficient cause shown,

IT IS THE FINDING OF THIS COURT that this action should be continued for the following reasons:

1.  This case involves allegations of racketeering that occurred over several years.

2.  The discovery in the case is voluminous, in that it includes, among other things, over 39,000 wire intercepts and the execution of numerous searches.

3.  The defendants and their counsel need time to review the extensive discovery in this matter.

4.  In light of the allegations, the defendants need sufficient time to investigate the charges.

5.  In light of the discovery and depending upon the results of their respective investigations, each defendant will need time to determine whether or not to file motions in this matter and what motions should be filed.

6.  In light of these findings, and given the nature of the case and its complexity, it is unreasonable to expect adequate preparation for pretrial proceedings or the trial itself within the time limits established under the Speedy Trial Act.

7.  The defendants consent to the aforementioned continuance.

8.   The grant of a continuance will enable counsel for the defendants to adequately review the discovery, prepare motions and proceed with trial.

9.   Pursuant to Title 18 of the United States Code, Section 3161(h)(8), the ends of justice served by granting the continuance outweigh the best interests of the public and the defendants in a speedy trial.

WHEREFORE, it is on this 3 day of September, 2009

ORDERED that the this matter is hereby designated a complex case;

IT IS FURTHER ORDERED THAT the proceedings in the above-captioned matter are continued from September 4, 2009 until October 30, 2009;

IT IS FURTHER ORDERED that the period between September 4, 2009 and October 30, 2009 shall be excludable in computing time under the Speedy Trial Act of 1974;

IT IS FURTHER ORDERED that the defendants shall file their motions no later than October 30, 2009; and

IT IS FURTHER ORDERED that a schedule of proceedings in this matter shall be set once the defendants' motions have been filed.

HON. STANLEY R. CHESLER
United States District Judge

4

Form and entry
consented to:

_____
Ronald D. Wigler
Assistant U.S. Attorney


_____
Salvatore T. Aflano, Esq
Counsel for defendant Andrew Merola


_____
Peter R. Willis, Esq.
Counsel for defendant Kyle Ragusa


_____
Maria DelGraizo Noto, Esq.
Counsel for defendant Martin Taccetta


_____
Marc E. Leibman, Esq.
Counsel for defendant Edward Deak


_____
Henry E. Klingeman, Esq.
Counsel for defendant Michael Urgola


_____
Christopher D. Adams, Esq.
Counsel for defendant Joseph Manzella


_____
Alan L. Zegas, Esq.
Counsel for defendant John Cataldo

Form and entry
consented to:

_____
Ronald D. Wigler
Assistant U.S. Attorney


_____
Salvatore T. Aflano, Esq
Counsel for defendant Andrew Merola

_____
Peter R. Willis, Esq.
Counsel for defendant Kyle Ragusa


_____
Maria DelGraizo Noto, Esq.
Counsel for defendant Martin Taccetta


_____
Marc E. Leibman, Esq.
Counsel for defendant Edward Deak


_____
Henry E. Klingeman, Esq.
Counsel for defendant Michael Urgola


_____
Christopher D. Adams, Esq.
Counsel for defendant Joseph Manzella


_____
Alan L. Zegas, Esq.
Counsel for defendant John Cataldo

5

Form and entry
consented to:

_____
Ronald D. Wigler
Assistant U.S. Attorney


_____
Salvatore T. Aflano, Esq
Counsel for defendant Andrew Merola


_____
Peter R. Willis, Esq.
Counsel for defendant Kyle Ragusa

_____
Maria ~~Delgraizo Noto~~, Esq.
Counsel for defendant Martin Taccetta
DelGAIZO

_____
Marc E. Leibman, Esq.
Counsel for defendant Edward Deak


_____
Henry E. Klingeman, Esq.
Counsel for defendant Michael Urgola


_____
Christopher D. Adams, Esq.
Counsel for defendant Joseph Manzella


_____
Alan L. Zegas, Esq.
Counsel for defendant John Cataldo

5

Form and entry
consented to:

_____
Ronald D. Wigler
Assistant U.S. Attorney


_____
Salvatore T. Aflano, Esq
Counsel for defendant Andrew Merola


_____
Peter R. Willis, Esq.
Counsel for defendant Kyle Ragusa


_____
Maria DelGraizo Noto, Esq.
Counsel for defendant Martin Taccetta


_____
Marc E. Leibman, Esq.    8-31-09
Counsel for defendant Edward Deak


_____
Henry E. Klingeman, Esq.
Counsel for defendant Michael Urgola


_____
Christopher D. Adams, Esq.
Counsel for defendant Joseph Manzella


_____
Alan L. Zegas, Esq.
Counsel for defendant John Cataldo

5

Form and entry
consented to:

_____
Ronald D. Wigler
Assistant U.S. Attorney


_____
Salvatore T. Aflano, Esq
Counsel for defendant Andrew Merola


_____
Peter R. Willis, Esq.
Counsel for defendant Kyle Ragusa


_____
Maria DelGraizo Noto, Esq.
Counsel for defendant Martin Taccetta


_____
Marc E. Leibman, Esq.
Counsel for defendant Edward Deak

_____
Henry E. Klingeman, Esq.
Counsel for defendant Michael Urgola


_____
Christopher D. Adams, Esq.
Counsel for defendant Joseph Manzella


_____
Alan L. Zegas, Esq.
Counsel for defendant John Cataldo

5

Form and entry
consented to:

---

Ronald D. Wigler
Assistant U.S. Attorney

---

Salvatore T. Aflano, Esq
Counsel for defendant Andrew Merola

---

Peter R. Willis, Esq.
Counsel for defendant Kyle Ragusa

---

Maria DelGraizo Noto, Esq.
Counsel for defendant Martin Taccetta

---

Marc E. Leibman, Esq.
Counsel for defendant Edward Deak

---

Henry E. Klingeman, Esq.
Counsel for defendant Michael Urgola

---

Christopher D. Adams, Esq.
Counsel for defendant Joseph Manzella

---

Alan L. Zegas, Esq.
Counsel for defendant John Cataldo

5

Form and entry
consented to:

_____
Ronald D. Wigler
Assistant U.S. Attorney

_____
Salvatore T. Aflano, Esq
Counsel for defendant Andrew Merola

_____
Peter R. Willis, Esq.
Counsel for defendant Kyle Ragusa

_____
Maria DelGraizo Noto, Esq.
Counsel for defendant Martin Taccetta

_____
Marc E. Leibman, Esq.
Counsel for defendant Edward Deak

_____
Henry E. Klingeman, Esq.
Counsel for defendant Michael Urgola

_____
Christopher D. Adams, Esq.
Counsel for defendant Joseph Manzella

_____
Alan L. Zegas, Esq.
Counsel for defendant John Cataldo

5