2005R00840
BV/gr

|  |  | UNITED STATES DISTRICT COURT<br>DISTRICT OF NEW JERSEY |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Stanley R. Chesler, U.S.D.J. |
| *Plaintiff,* | : | Criminal No. 08-327 |
| v. | : | CONSENT JUDGMENT AND |
| ANDREW MEROLA<br>a/k/a "Andrew Knapik" et al. | : | PRELIMINARY ORDER OF<br>FORFEITURE |
| *Defendant.* | : |  |

**WHEREAS**, on May 2, 2008, the United States filed an Indictment, Criminal No. 08-327, against Andrew Merola a/k/a "Andrew Knapik" (hereinafter "Defendant"), which charges, among other things, Racketeering Conspiracy in violation of 18 U.S.C. § 1962(d) and Racketeering in violation of 18 U.S.C. §§ 1962(c) and 2; and

**WHEREAS**, on January 5, 2010, the Defendant pled guilty to one count of Racketeering Conspiracy, in violation of 18 U.S.C. § 1962(d) of the Indictment; and

**WHEREAS**, pursuant to 18 U.S.C. § 1963(a)(3), a person convicted of an offense in violation of 18 U.S.C. § 1962, shall forfeit to the United States, any property, constituting or derived from, any proceeds which the person obtained, directly or indirectly, from racketeering activity or unlawful debt collection; and

**WHEREAS**, pursuant to a Plea Agreement dated December 10, 2009, the United States and the Defendant agree to the forfeiture of, among other things, the following property pursuant to 18 U.S.C. § 1963:

> The sum of $100,000.00 which has been paid in full from the following two checks:
>
> (a)   Nations Title Agency Inc. NLS, Escrow Account check number 01278982, in the amount of $50,007.14, resulting from the refinance of property located at 14 Fay Drive, East Hanover, New Jersey 07936-3053; and
>
> (b)   Salvatore T. Alfano, P.A., Trust Account check number 1251, in the amount of $49,992.86,

(collectively the "$100,000") as substitute res for property located at 14 Fay Drive, East Hanover, New Jersey 07936-3053, more particularly described as: Block 38.05, Lot 47 of the Municipality of East Hanover Township, on the Tax Map of East Hanover Township New Jersey; and

**WHEREAS**, by virtue of the above, the United States is now entitled to possession of the Property; and

**WHEREAS**, the Defendant acknowledges that the Property constitutes or is derived from, any proceeds obtained, directly or indirectly, from his racketeering activity as described in the Indictment, in violation of 18 U.S.C. § 1962, or represents substitute assets, and that the $100,000 is therefore subject to forfeiture to the United States pursuant to 18 U.S.C. § 1963(a)(3); and

2

**WHEREAS**, the Defendant having agreed to forfeit the $100,000, waives all interests in and claims to the $100,000, and hereby consents to the forfeiture of the $100,000 to the United States; and

**WHEREAS**, the Defendant:

(1) Agrees to consent promptly upon request to the entry of any orders deemed necessary by the Government or the Court to complete the forfeiture and disposition of the $100,000;

(2) Waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of forfeiture in the charging instrument, announcement of the forfeiture in the Defendant's presence at sentencing, and incorporation of the forfeiture in the Judgment;

(3) Acknowledges that he understands that forfeiture of the $100,000 will be part of the sentence imposed upon the Defendant in this case and waives any failure by the Court to advise the Defendant of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), during the plea hearing;

(4) Will, pursuant to Rule 32.2(b)(3), promptly consent to the finalization of the order of forfeiture before sentencing if requested by the Government to do so;

(5) Waives, and agrees to hold the United States and its agents and employees harmless from any and all claims whatsoever in connection with the seizure, forfeiture, and disposal of the $100,000 described above;

(6) Waives all constitutional and statutory challenges

3

of any kind to the forfeiture of the $100,000 pursuant to this consent judgment;

   (7) Agrees to cooperate in resolving third-party claims in favor of the United States, and for good and sufficient cause shown;

It is hereby **ORDERED, ADJUDGED, AND DECREED:**

**THAT** the herein described asset, namely:

> The sum of $100,000.00 which has been paid in full from the following two checks:
>
> (a) Nations Title Agency Inc. NLS, Escrow Account check number 01278982, in the amount of $50,007.14, resulting from the refinance of property located at 14 Fay Drive, East Hanover, New Jersey 07936-3053; and
>
> (b) Salvatore T. Alfano, P.A., Trust Account check number 1251, in the amount of $49,992.86,

(collectively the "$100,000") as substitute res for property located at 14 Fay Drive, East Hanover, New Jersey 07936-3053, more particularly described as: Block 38.05, Lot 47 of the Municipality of East Hanover Township, on the Tax Map of East Hanover Township New Jersey, is hereby forfeited to the United States pursuant to the provisions of 18 U.S.C. § 1963, and for disposition in accordance with the applicable provisions of law; and

**THAT** pursuant to 18 U.S.C. § 1963(*l*)(1), the United States shall publish notice of this Order and of its intent to dispose of the herein described $100,000 in such a manner as the Attorney General may direct, including posting notice on the official internet government forfeiture site namely, http://www.forfeiture.gov for at least 30 consecutive days; and

4

**THAT** pursuant to 18 U.S.C. § 1963(l)(2), any person, other than the Defendant, asserting a legal interest in any of the above-listed $100,000 must file a petition with the Court within 30 days of the final publication of notice or of receipt of actual notice, whichever is earlier, and state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the $100,000; and

**THAT** pursuant to 18 U.S.C. § 1963(l)(3), the petition shall be signed by the petitioner under penalty of perjury, as established in 28 U.S.C. § 1746, and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the $100,000, and any additional facts supporting the petitioner's claim and the relief sought; and

**THAT** the United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the Property that is the subject of this Preliminary Order of Forfeiture, as a substitute for published notice as to those persons so notified; and

**THAT** the aforementioned forfeited $100,000 is to be held by the appropriate United States agency in its secure custody and control until the appropriate disposition of said $100,000 by the United States; and

**THAT** if no third party claims are received for the aforementioned $100,000, it shall be forfeited to United States and shall be in full satisfaction of the United States Attorney's Office's claim for forfeiture in this action, pursuant to 18 U.S.C. § 1963(a)(3), which included (1) All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures,

5

attachments and easements, located at 14 Fay Drive, East Hanover, New Jersey 07936-3053, also known as: Block 38.05, Lot 47 of the Municipality of East Hanover Township, on the Tax Map of East Hanover Township New Jersey (hereinafter "14 Faye Drive"); and (2) All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located at 710 Phoebe Street, Dover, New Jersey 08753, also known as Lot 11 in Block 724 of the Municipality of Dover Township, on the Tax Map of Toms River Township New Jersey (hereinafter "710 Phoebe Street"); and

**THAT** upon the Entry of the Final Order of Forfeiture, the United States shall file a Release of Notice of Lis Pendens for the properties located at 14 Faye Drive and 710 Phoebe Street for which the $100,000 will be forfeited as a substitution for said real property based on the facts and circumstances pertaining to this criminal action; and

**THAT** it is the intent of the United States, pursuant to 18 U.S.C. § 1963(m), to seek forfeiture of any other property of the Defendant up to the value of the described Property above, if the Property or any portion thereof, as a result of any act or omission of defendant Andrew Merola a/k/a Andrew Knapik or his wife, Maria Merola:

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with, a third party;

    (c) has been placed beyond the jurisdiction of the court;

    (d) has been substantially diminished in value; or

(e) has been comingled with other property which cannot be divided without difficulty; and

**THAT** the United States reserves the right to amend this Order of Forfeiture to include certain property of the Defendant as substitute property; and

**THAT** upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture pursuant to 18 U.S.C. § 1963, in which all interests will be addressed.

**ORDERED** this 27 day of October, 2010.

Honorable Stanley R. Chesler
United States District Judge

7

The undersigned hereby consent
to the entry and form of this
Consent Judgment and Order of Forfeiture:

PAUL J. FISHMAN
United States Attorney

_____   Dated: 10/6/2010
BOHDAN VITVITSKY
Assistant United States Attorney
970 Broad Street, Suite 700
Newark, New Jersey 07102


_____   Dated: 10-4-10
SALVATORE T. ALFANO, ESQ.
55 Washington Street.
Bloomfield, New Jersey 07003
Counsel for the Defendant Andrew Merola a/k/a Andrew Knapik


_____   Dated: 10-4-10
ANDREW MEROLA a/k/a ANDREW KNAPIK
Defendant

8